COLLIER & BASIL P.C.
Robert Basil, Esq.
1270 Broadway, Suite 305
New York, NY 10001
(917) 512-3066
Attorney for Plaintiffs

MOTLEY RICE LLC
Mary Schiavo, Esq.
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
(843) 216-9138
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

CASE NO.: 2:09-CV-06142-DMC-JAD

| | |
|---|---|
| *In Re Hudson River Mid-Air Collision On August 8, 2009* | *Consolidated For Discovery Purposes Only*<br><br>*Relates to:*<br>*Case No. 09-CV-06142-DMC-JAD* |

## GALLAZZI PLAINTIFFS' SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANT D.A. AERO, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND LACK OF SUBJECT MATTER JURISDICTION

## PRELIMINARY STATEMENT

COME NOW, consolidated "Gallazzi" Plaintiffs, who submit this supplemental opposition in support of their Response in Opposition to Defendant D.A. Aero, Inc.'s, (hereinafter "DA Aero") Motion to Dismiss Gallazzi Plaintiffs' Second Amended Complaint for Lack of Personal Jurisdiction [DE 81]. This supplement is submitted in accordance with the Consent Order issued by the Court

and affected parties on December 17, 2010. [DE 97]  DA Aero filed a Motion to Dismiss for Lack of Personal Jurisdiction on November 22, 2010, [DE 81].  In support of the Motion to Dismiss, DA Aero provided the sworn Affidavit of Defendant David Altman, the sole officer and shareholder of DA Aero, Inc.

On January 19, 2011, the deposition of David Altman was conducted in Philadelphia, Pennsylvania, with the coordination of all parties.  The deposition clearly reflects that Mr. Altman was incompetent to provide the factual allegations contained in the Affidavit.  As such, the court should strike Mr. Altman's Affidavit and therefore deny DA Aero's Motion to Dismiss.

## LEGAL ARGUMENT

Pursuant to Federal Rule of Civil Procedure 56(e), an Affidavit in support of a motion for summary judgment must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." The Third Circuit has held that "a hearsay statement that is not capable of being admissible at trial should not be considered on a summary judgment motion." *Blackburn v. UPS, Inc., 179 F.3d 81, 95 (3d. Cir. 1999).* This Court should strike the Altman Affidavit as the affiant, David Altman fails to show he is competent to testify to the matters set forth therein, and because the purported evidence contained therein is not based on the Affiant's personal knowledge and is inadmissible hearsay.[1]

_____

[1] The Gallazzi Plaintiffs are aware the pending motion is not for summary judgment but for dismissal.  However, the standard required in an affidavit filed in support of either type of motion must meet with the same standard regarding personal knowledge and admissibility.

Additionally, pursuant to Local Rule 7.2(a), "Affidavits shall be restricted to statements of fact within the personal knowledge of the Affiant. Argument of the facts and the law shall not be contained in Affidavits. Legal Arguments and summations in Affidavits will be disregarded by the Court and may subject the affiant to appropriate censure, sanctions or both."

In support of the defendant's motions to dismiss, the above named defendants have submitted the Affidavits of David Altman individually ("Altman Affidavit") as well as the Affidavit of David Altman on behalf of the corporate defendant DA Aero, Inc., and LCA Partnership, a purported Pennsylvania partnership ("DA Aero Affidavit"). Both Affidavits were executed on November 19, 2010, and purport to give this Court a clear and precise factual account as to why these actions should be dismissed for lack of jurisdiction. Plaintiffs are asking this court to strike the DA Aero Affidavit as unworthy of belief.[2] At the aforestated deposition, the Plaintiffs' marked as Exhibit #2 the "Altman Affidavit" and as Exhibit #7, the "DA Aero" Affidavit.

The purpose of a deposition is multifold; especially important, is the requirement that the party being deposed have personal knowledge of the material facts about which he is testifying and that his answers are truthful. The general rule of allowing "any and all questions" to be answered is limited only by objections based on "privilege" or, "court imposed limitations"; or, questions that are "irrelevant and immaterial."

---

[2] The Gallazzi Plaintiff understand Mr. Altman is withdrawing his personal Motion to Dismiss.

Shortly after Mr. Altman was administered the oath it became apparent that his oral testimony was inconsistent with that of his Affidavit.

Material and relevant questions were being answered at this deposition with "evade and avoid language (e.g.) "I don't know," "I can't recall," "I don't remember," et cetera. His sworn Affidavits are dated November 19, 2010, and now sixty (60) days later, at his deposition on January 19, 2011, his sworn testimony is in direct contradiction of his Affidavit statements.

As stated above, Mr. Altman's deposition was conducted for the limited purpose of addressing the pending motions. Mr. Altman is the sole officer and stockholder of DA Aero. Mr. Altman was asked a series of questions regarding the Affidavit submitted by him on behalf of DA Aero. Due to age, infirmity, or deception, Mr. Altman was unable to verify the information supplied in his Affidavit. Most notably, Mr. Altman was unsure of who DA Aero is, or whether he signed the Affidavit.

4       ++

        Q.      Mr. Altman, I just have a few more

5       questions and then I'll be finished.

6               During the break we marked what is

7       Exhibit Number 7, which purports to be an Affidavit

8       from you on behalf of D A Aero. And I would just ask

9       you to turn to Page 3.

10              A.      Right.

11         Q.      Is that your signature?

12         A.      Looks like it.

13         Q      Do you recall signing this back on

14   November 19 of last year, a few months ago?

15         A.      I don't recall but I guess I did.

16         Q.      And earlier I asked you if you knew what

17   D A Aero, Inc., was.  I believe your answer was you

18   couldn't recall.

19             Am I paraphrasing that correctly?

20         A.      Do it again, please.

21         Q.      Sure.  Well, let me just ask you this.

22             Do you know what D A Aero, Inc., is?

23         A.      I'm not really sure but it has something

24   to do with the Lance.

*(Altman Deposition pg 64:4-24)*

Mr. Altman was unable to remember what DA Aero was, yet only two (2) months earlier allegedly signed an Affidavit consisting of three pages with twenty enumerated, unequivocal statements concerning DA Aero.

When asked about LCA Partnership, the partnership in which DA Aero was a general partner, Mr. Altman was unable to answer basic questions about LCA.

15         Q.      And when the Lance was purchased, is

16   that the time that LCA was originated?

17          A.      I can't tell you.

18          Q.       At some point my understanding is you

19    bought out the interest of the other two partners; is

20    that correct?

21          A.      I don't remember how the transaction

22    went, so.

23          Q.       At the time of this accident on August 8

24    of 2009, LCA and D A Aero were the owners of the

25    Lance; is that correct?

1           MR. THORNTON:          I object to form.

2           THE WITNESS:           I don't know.

*(Altman Deposition P10:10-25, P11:1-2)*

Yet paragraph number five of the Affidavit states, "DA Aero's sole business is

to serve as a general partner in LCA partners a/k/a LCA Partnership ("**LCA**")

    a.    LCA is a general partnership that was formed in 1991 under the laws of the State of Pennsylvania for the purpose of owning the 1976 Piper Lance Serial #32R-7680172 registered as N7IMC (the "Aircraft") that is the subject of this lawsuit.

    b.    In 1996, I together with DA Aero, purchased LCA.

*(Altman Affidavit dated November 19, 2010)*

6

The question posed is which one of these, statements, under oath is truthful? Is it the detailed statements in his Afidavit or his vague responses at the deposition?

Also, Mr. Altman submitted an Affidavit on his behalf on his Motion to Dismiss for Lack of Personal Jurisdiction.  The two Affidavits are almost identical to the factual assertions provided.   Mr. Altman also had a very tough time remembering the substance of the Affidavits.

10          Q.     Mr. Altman, I've handed you what's been

11     marked as Exhibit Number 2, which is an Affidavit of

12     David Altman in support of motion to dismiss for lack

13     of personal jurisdiction that was filed in this case.

14                If you would please turn to Page 3 for

15     me, please.

16          MR. THORNTON:         You got it?

17          THE WITNESS:  They're going to wait a

18     few more minutes, I guess.  Okay.

19          BY MR. BRAUCHLE:

20          Q.     Sir, do you remember signing this

21     document?

22          A.     No, I don't really remember, but it says

23     I did.

24          Q.      Is that your signature?

25          A.     It says my name.

17

| 1 | Q. | Do you recall signing that? |
| 2 | A. | No, I don't recall signing it. |
| 3 | Q. | Did you prepare this document? |
| 4 | A. | Personally?  I don't believe so. |
| 5 | Q. | Did you provide this information? |
| 6 | A. | I don't remember. |

*(Altman Deposition pg 16:10-25, 17:1-6)*

It is Plaintiffs' understanding through counsel of Mr. Altman and DA Aero, that other individuals had to provide the information contained in the Affidavits due to Mr. Altman's lack of memory.

The Rules of Civil Procedure require that the Affiant have personal knowledge of the factual assertions contained in those Affidavits.  It is clear that Mr. Altman does not have personal knowledge of the facts contained in the Affidavits submitted.  As such, this court should preclude the use of the Affidavit, as the Affiant does not have the personal knowledge of the facts alleged.  Furthermore, the Rules of Civil Procedure require the factual assertions contained in an Affidavit contain admissible evidence and not hearsay.  If Mr. Altman relied on third parties to provide the information in which he attested to, that information is hearsay and not admissible.

## CONCLUSION

The Affidavit of David Altman filed in support of DA Aero's Motion to Dismiss for Lack of Personal Jurisdiction should be stricken and not considered by

8

this Court, since is does not comport with the Federal Rules of Civil Procedure nor the Local Rules.  The statements contained are not within the personal knowledge of Mr. Altman and contain information provided to him by others, which is inadmissible hearsay.  That clearly the Plaintiffs have sustained the burden of showing Mr. Altman's Affidavits are unworthy of belief, that they should be stricken and not given <u>any</u> consideration whatsoever by the Court in its deliberation of DA Aero's Motion to Dismiss for Lack of Personal Jurisdiction.

Since the Altman Affidavit was the only Affidavit submitted in support of DA Aero's Motion to Dismiss, the entire Motion itself should be denied.

WHEREFORE, Gallazzi Plaintiffs move this Court for an Order denying Defendant D.A. Aero's Motion to Dismiss for Lack of Personal Jurisdiction, and that the Affidavit submitted by Defendants David Altman and D.A. Aero, Inc., in support of their Motion to Dismiss be stricken entirely.

Respectfully submitted this 31st day of January, 2011.


**COLLIER & BASIL P.C.**

By:     s/ Robert Basil
        Robert Basil, Esq.
        1270 Broadway, Suite 305
        New York, NY 10001
        Telephone:   (917) 512-3066
        Facsimile:    (831) 536-1075
        robertjbasil@collierbasil.com

9

**MOTLEY RICE LLC**

By:    s/ Mary Schiavo
        Mary Schiavo, Esq. (*Pro Hac Vice*)
        28 Bridgeside Blvd.
        P.O. Box 1792 (29465)
        Mount Pleasant, SC 29464
        Telephone   (843) 216-9138
        Facsimile   (843) 216-9440
        mschiavo@motleyrice.com

DATED:     January 31, 2011

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this 31ST day of January, 2011, a true and correct copy of GALLAZZI PLAINTIFFS' SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANT D.A. AERO, INC.'S MOTION TO DISMISS GALLAZZI PLAINTIFFS' SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND LACK OF SUBJECT MATTER JURISDICTION was served on counsel who have entered an appearance in this matter via ECF/CM electronic filing and via email to Counsel on the attached Service List.

**MOTLEY RICE LLC**

By:    s/ Mary Schiavo
        Mary Schiavo, Esq. (*Pro Hac Vice*)

## SERVICE LIST

Steven. J. Riegel, Esq.
Barry F. Benson, Esq.
U.S. Department of Justice
Civil Division, Torts Branch
PO Box 14271
Washington, DC 20044-4271
Phone:  (202)616-4030
Fax:  (202) 616-4159
Steven.riegel@usdoj.gov
barry.benson@usdoj.gov

Daniel J. Gibbons, Esq.
Assistant U.S. Attorney
OFFICE OF U. S. ATTORNEY
970 Broad Street, Suite 700
Newark, NJ  07102
daniel.gibbons@usdoj.gov

*Attorneys for Defendant*
*United States of America*

Thomas C. Regan, Esq.
Peter B. Van Deventer, Jr., Esq.
Douglas H. Amster, Esq.
Lili Beneda, Esq.
LECLAIR RYAN, P.C.
One Riverfront Plaza
1037 Raymond Blvd.
Newark, NJ 07102
Phone: (973) 491-3600
Thomas.Regan@leclairryan.com
Douglas.amster@leclairryan.com
Peter.vandeventer@leclairryan.com
lili.beneda@leclairryan.com.

*Attorneys for Defendants*
*Liberty Helicopters, Inc., and*
*Meridian Consulting I Corporation, Inc*

Daniel R. Lindemann, Esq.
LINDEMANN, LLC
VIP Office Centre
41 Vreeland Avenue
Totowa, NJ  07512
Phone:  (973) 256-1222
Fax:  (973) 256-1222
drl@lindemann-lw.com

J. Thompson Thornton, Esq.
Patricia A. Leid, Esq.
Thornton, Davis & Fein, P.A.
80 S.W. 8th Street, Suite 2900
Miami, FL 33130
Tel: (305) 446-2646
Fax: (305) 441-2374
thornton@tdflaw.com
leid@tdflaw.com

*Attorneys for Defendants*
*LCA Partnership, Estate of Steven Altman,*
*David H. Altman, DA Aero, Inc.,*
*Altman Management, Inc.,*
*Altman Management Company II, Inc.*

Richard L. Musat, Esq.
TREECE ALFREY MUSAT & BOSWORTH,
PC
999 18th Street, #1600
Denver, CO  80202
Phone:  (303) 292-2700
Fax:  (303) 295-0414
lrmusat@tamblaw.com

*Attorneys for Defendants*
*Liberty Helicopters, Inc., and*
*Meridian Consulting I Corporation, Inc.*

.

David I. Katzman, Esq.
KATZMAN LAMPERT & MCCLUNE
100 W. Big Beaver Road, Suite 130
Troy, MI  48084
Phone:  (248) 258-4800
Fax:  (248) 258-2825
Dikatzman@schadenlaw.com

Gary Potters, Esq.
Michelle L. DeLuca, Esq.
POTTERS & DELLA PIETRA LLP
100 Passaic Avenue
Fairfield, NJ  07004
Phone:  (973) 575-5240
Fax:  (973) 575-4468
gpotters@pdplawfirm.com

*Attorneys for Estate of Steven M. Altman*

Michael Baumeister, Esq.
Dorothea M. Capone, Esq.
Douglas A. Latto, Esquire
BAUMEISTER & SAMUELS, P.C.
One Exchange Plaza
New York, New York 10006
Phone:  (212) 363-1200
Fax:   (212) 363-1346
mbaumeister@baumeisterlaw.com
dcapone@baumeisterlaw.com
dlatto@baumeisterlaw.com

*Attorneys for Jaclyn Altman*